IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION


WILLIAM LEONARD, et al.,

                 Plaintiffs,

v.                                    CIVIL ACTION NO.  2:09-cv-00971

ALCAN ROLLED PRODUCTS-RAVENSWOOD, LLC., et al.,

                 Defendants.


**MEMORANDUM OPINION & ORDER**

**I.**      **Introduction**

Pending before the court is defendant Alcan Rolled Products – Ravenswood, L.L.C.'s Motion to Dismiss Complaint and/or Motion to Compel Arbitration [Docket 3] and defendant CHD Meridian Health Care's Motion to Dismiss Complaint [Docket 7].  For the reasons explained below, these motions are **GRANTED** in part and **DENIED** in part.

The plaintiffs, employees of Alcan Rolled Products – Ravenswood, L.L.C. ("Alcan") and members of the United Steel Workers of America AFL-CIO, Local 5668 (the "Union"), filed this lawsuit in the Circuit Court of Jackson County, West Virginia, on April 9, 2009.  The plaintiffs named as defendants their employer, Alcan, and CHD Meridian Health Care ("CHD"), a company that contracted with Alcan to administer its in-plant medical department.  The complaint alleges that the defendants unlawfully disseminated the plaintiffs' health care records among themselves, as part of a "greater scheme or policy of intimidation and harassment" designed to deter employees away from "filing legitimate claims for compensation for work related injuries under, at times, the threat

of discharge or relocation." (Compl. ¶ IX.) The complaint further allege that the defendants "questioned injured employee plaintiffs regarding their 'reported' work injuries, in front of other employer management employees in an attempt to harass or intimidate them." (*Id.* ¶ XI.) According to the complaint, these action created "a less safe workplace" and "increased fear of injury to all plaintiffs." (*Id.* ¶ XII.)

The complaint asserts claims for: (1) violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); (2) violation of the Occupational Health and Safety Act ("OSHA"); (3) invasion of privacy; (4) workers' compensation discrimination; (5) violation of the West Virginia Human Rights Act ("WVHRA"); (6) harassment; (7) breach of collective bargaining agreement; (8) intentional infliction of emotional distress; and (9) negligent infliction of emotional distress. On August 27, 2009, the defendants removed the case to this court.

## II.    Standard of Review

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. As the Supreme Court recently reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable

inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim cross the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III.   Discussion

The defendants Alcan and CHD have submitted memoranda challenging the sufficiency of the plaintiffs' claims. Inexplicably, the plaintiffs have not responded to the defendants' arguments. For the reasons explained below, I **GRANT** the defendants' motions to dismiss with respect to all but one of the plaintiffs' claims.

### A.  *HIPAA & OSHA*

The plaintiffs' claims under HIPAA and OSHA fail because neither statute provides a private cause of action. *See, e.g., Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (agreeing with "every district court that has considered this issue . . . that [HIPAA] does not support a private right of action"); *Fields v. Charleston Hops., Inc.*, 2006 WL 2371277, at *5 (S. D. W. Va. 2006) (examining the statutory language and prior case law and concluding that HIPAA does not provide a private cause of action); *Scarborough v. Aegis Comm'ns Group, Inc.*, 217 F.3d 840, at *1 (4th Cir. 2000) (unpublished table decision) ("[T]here is no private right of action under OSHA."); *Rosen v. Prince George's Bd. of Educ.*, 81 F.3d 151, at *1 (4th Cir. 1996) (unpublished table decision) ("[T]he

OSHA statute does not create a private right of action.").  Thus, the defendants' motions to dismiss

are **GRANTED** with respect to the plaintiffs' HIPAA and OSHA claims.

     B.  *Invasion of Privacy*

     The plaintiffs' claim for invasion of privacy also fails because the plaintiffs do not assert any

of the common law invasion of privacy causes of action recognized in West Virginia.  In West

Virginia, an "'invasion of privacy' includes":

> (1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of
> another's name or likeness; (3) unreasonable publicity given to another's private life;
> and (4) publicity that unreasonably places another in a false light before the public.
> *See* Restatement (Second) of Torts §§ 652A-652E (1977).

*Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70, 85 (W. Va. 1984).  Alcan correctly asserts that

"[o]n its face, Plaintiffs' allegations do not implicate any of [these] common law invasion of privacy

causes of action."[1]  (Def. Alcan Rolled Products – Ravenswood, L.L.C.'s Memo. Supp. Mot.

Dismiss and/or Mot. Compel Arbitration ("Alcan Memo") 13.)  Admittedly, *Crump*'s use of the

word "includes" could suggest that other privacy-related common law causes of action might exist.

---

    [1]  Unreasonable intrusion occurs when "[o]ne . . . intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person."  *Harbolt v. Steel of W. Va.*, *Inc.*, 2009 WL 2029792, at *12 (S.D. W. Va. 2009) (citing Restatement (Second) of Torts § 652B).  The plaintiffs' work-related medical records "dealt with an issue closely linked to workplace safety."  *Id.* at *14.  The dissemination of these records among managers of Alcan and CHD employees would not "'be highly offensive to a reasonable person.'"  *Id.* (quoting Restatement (Second) of Torts § 652B); *see also id.* (finding that employer's search of plaintiff's car, which was parked on company property, after plaintiff had been accused of selling drugs on company property, did not constitute an unreasonable intrusion upon seclusion).

    The plaintiffs do not allege that the defendants appropriated their names or likenesses. They also cannot assert a claim for unreasonable publicity, or false light invasion of privacy, because these torts "require[] widespread publicity"; communication of private facts to "a small group of persons" is not enough.  *Davis v. Monsanto Co.*, 627 F. Supp. 418, 421 (S.D. W. Va. 1986).  Moreover, with respect to the tort of false light invasion of privacy, the plaintiffs have not asserted that any of the allegedly disseminated information was false.

But the plaintiffs fail to show this possibility.  Moreover, *Crump*'s citation to the Restatement, which limits invasions of the right of privacy to the four types enumerated, strongly indicates that these are the only types of privacy invasion recognized in West Virginia common law.

The plaintiffs' complaint rather clearly sets forth allegations that the defendants violated HIPAA's privacy rules.  But the fact that the defendants may have violated such rules does not necessarily mean the defendants violated any common law rights of privacy in West Virginia.  In short, the "complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief'" on an invasion of privacy claim.  *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  The plaintiffs have failed to show that they have suffered an invasion of privacy recognized in West Virginia.  The defendants' motions to dismiss are **GRANTED** with respect to the plaintiffs' invasion of privacy claim.

### C. *Workers' Compensation Discrimination*

To the extent that the plaintiffs state a claim under the West Virginia Workers' Compensation Act ("WCA"), this claim also fails.  The WCA prohibits employers from discriminating against former or present employees because of such employees' receipt of workers' compensation benefits or pursuit of workers' compensation claims.  W. Va. Code § 23-5A-1.  The plaintiffs allege that the defendants sought to "harass and intimidate" employees "into not filing legitimate claims for compensation for work related injuries under, at times, the threat of discharge or relocation."  (Compl. ¶ IX.)  The West Virginia Supreme Court of Appeals has held:

> [I]n order to make a prima facie case of discrimination under [the West Virginia Workers' Compensation Act], the employee must prove that: (1) an on-the-job injury was sustained; (2) proceedings were instituted under the Workers' Compensation Act, . . . and (3) the filing of a workers' compensation claim was a significant factor

in the employer's decision to discharge or otherwise discriminate against the
employee.

*Powell v. Wyo. Cablevision, Inc.*, 403 S.E.2d 717, 721 (W. Va. 1991).

The complaint provides no indication that the plaintiffs instituted proceedings under the
WCA.   Thus, the plaintiffs may not bring a claim under the WCA for workers' compensation
discrimination.   The defendants' motions to dismiss are **GRANTED** with respect to this claim.[2]

   D.  *WVHRA & Harassment*

The plaintiffs' claims under the WVHRA also fail.  The complaint states that "the employer
defendant is discriminating against workers and your plaintiffs for exercising their rights in violation
of the West Virginia Human Rights Act."   (Compl. ¶ XIII.)   The WVHRA protects against
discrimination on the basis of race, religion, color, national origin, ancestry, sex, age, blindness, and
disability.   W. Va. Code §§ 5-11-3(h), 5-11-9(1).   Alcan argues that the plaintiffs "have not
identified themselves as members of any of the protected classes" under the WVHRA.   (Alcan
Memo. 21-22.)  This court agrees.

Disability is the only plausible protected class which the plaintiffs could identify with.  But
while the plaintiffs allege that the defendants harassed "injured" workers, the plaintiffs do not show
that their injuries rise to the level of "disability" as defined in the WVHRA.  *See* W. Va. Code § 5-
11-3 (m) (defining "disability" as "a mental or physical impairment which substantially limits one
or more of a person's major life activities," or a record of such impairment, or being regarded as

---

   [2] CHD also correctly asserts that the plaintiffs cannot bring a workers' compensation
discrimination claim against it because CHD is not the plaintiffs' former or present employer. (CHD
Memo. Supp. Mot. Dismiss 13-14.)

having such an impairment).  The plaintiffs' complaint does not state a claim for discrimination under the WVHRA.

The plaintiffs' claim of workplace harassment is also a cause of action under the WVHRA. W. Va. Code § 5-11-9(7)(A) (prohibiting employers from engaging "in any form of threats or reprisal . . . the purpose of which is to harass, degrade, embarrass or cause physical harm of economic loss").  The West Virginia Supreme Court of Appeals has counseled that "individuals who may not otherwise be covered under the specific requirements of the Act can seek relief through the more general provisions of West Virginia Code [Section] 5-11-9(7)." *Bailey v. Norfolk & Western Ry. Co.*, 527 S.E.2d 516, 533 (W. Va. 1999).

In *Bailey*, the defendant objected to jury instructions that provided that an individual may be discriminated against even though he is not in an age-protected group. *Bailey*, 527 S.E.2d at 532. The defendant also argued that five plaintiffs who were under the age of forty (the minimum age at which the statute, W. Va. Code § 5-11-3(k), explicitly protects employees from age discrimination) should not have been included in the complaint as a matter of law. *Id.*  The court "recognize[d] the necessity for the protection of the Human Rights Act to be extended to individuals who suffer collateral harm from discriminatory practices committed in violation of the Act." *Id.*  The court held:

> [C]ollateral victims of discrimination are entitled to relief under [West Virginia Code section] 5-11-9(7) . . . upon establishing that the employer has engaged in an unlawful discriminatory practice, such as activities designed to cause economic loss. Such collateral victims are properly included as Plaintiffs in a cause of action initiated by other victims of discrimination under the West Virginia Human Rights Act.

*Id.* at 533.  Under *Bailey*, the plaintiffs need not qualify as "disabled" (or within another protected class under the WVHRA) to bring a claim of harassment if they are collateral victims of mistreatment suffered by statutorily-protected victims.

However, the plaintiffs have not shown that any one of them is "otherwise . . . covered under the specific requirements of the [WVHRA]."  *Bailey*, 527 S.E.2d at 533.  Thus, their harassment claim cannot survive as a claim for "collateral harm" under *Bailey*.  The defendants' motions to dismiss are **GRANTED** with respect to the plaintiffs' WVHRA disability and harassment claims.

E.  *Breach of Collective Bargaining Agreement*[3]

The plaintiffs' claim for breach of collective bargaining agreement must be submitted to the mandatory grievance and arbitration process provided for in that agreement.  Before bringing a suit for violation of a collective bargaining agreement under the Labor Management Relations Act, employees must first "attempt to exhaust any exclusive grievance and arbitration procedures established by that agreement."  *Clayton v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.,* 451 U.S. 679, 681 (1981).  The collective bargaining agreement at issue states that its provisions "constitute the sole procedure for the processing and settlement of any claim by an employee of the Union of a violation by the Company of this Agreement."  (Mot. Alcan Rolled Products – Ravenswood, L.L.C., Dismiss and/or Mot. Compel Arbitration ("Alcan Mot."), Ex. A, Art. 3.A.)  Article 10 of the agreement contains procedures for the "adjustment of grievances."  (*Id.*,

_____

[3]  The plaintiffs also allege that the defendants' conduct was "outrageous, negligent, illegal, and in breach of . . . the NLRA."  (Compl.¶ IX.)  Presumably the plaintiffs are referring to the National Labor Relations Act.  However, the plaintiffs do not explain how the facts they have pleaded state a claim for relief under this statute.  I have charitably constructed the plaintiffs' complaint thus far, but this bare, conclusory allegation cannot plausibly support a claim for relief.

Art. 10.)  The plaintiffs have not shown that they complied with these procedures before bringing their claim for breach of the collective bargaining agreement in federal court.  Alcan's motion to compel arbitration is **GRANTED** with respect to the plaintiffs' breach of collective bargaining agreement claim.[4]  The plaintiffs must exhaust the grievance and arbitration procedures provided for in the collective bargaining agreement before bringing suit on this claim.

F.  *Intentional Infliction of Emotional Distress*

The plaintiffs' claim of intentional infliction of emotional distress fails because the plaintiffs have not asserted facts sufficient to support this causes of action.  The West Virginia Supreme Court of Appeals has held:

> [I]n order for a plaintiff to prevail on a claim for intentional or reckless infliction of emotional distress, four elements must be established. It must be shown: (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Travis v. Alcon Labs., Inc.*, 504 S.E.2d 419, 425 (W. Va.1998).

The plaintiffs allege that the defendants unlawfully disseminated their personal health information among themselves, and that  "[d]efendant employer management representatives . . . questioned injured employee plaintiffs regarding their 'reported' work related injuries, in front of other employer management employees in an attempt to harass or intimidate them." (Compl. ¶¶ X-

---

[4]  It is unclear whether plaintiffs intended to bring their breach of collective bargaining agreement claim against defendant CHD.  As CHD points out, it is not a party to the collective bargaining agreement between Alcan and the Union.  Thus, CHD's motion to dismiss this claim is also **GRANTED**.

XI.)  This alleged conduct is distasteful, but not so "atrocious, intolerable, . . . extreme and outrageous" as to rise to the level of intentional infliction of emotional distress.

The plaintiffs seem to acknowledge as much; their complaint does not even directly allege they have suffered an intentional infliction of emotional distress; instead, it alleges that defendants' conduct has resulted "in the negligent *if not* intentional infliction of emotional and mental distress." (Comp. ¶ XII. (emphasis added).)  Such half-hearted pleadings do not survive a motion to dismiss. The plaintiffs have not shown that the defendants acted with an intent to inflict emotional distress, or recklessly "when it was *certain or substantially certain* emotional distress would result from [their] conduct." *Travis*, 504 S.E.2d at 425 (emphasis added).  They allege only that the defendants' conduct was "negligent or reckless."  (Compl. ¶ XIII.)  The defendants' motions are **GRANTED** with respect to this claim.

### G.  *Negligent Infliction of Emotional Distress*

The plaintiffs' claim for negligent infliction of emotional distress survives.  In West Virginia, "[a]n individual may recover for the negligent infliction of emotional distress absent accompanying physical injury upon a showing of facts sufficient to guarantee that the emotional damages claim is not spurious."  *Marlin v. Bill Rich Const., Inc.*, 482 S.E.2d 620, 637 (W. Va. 1996) (quoting *Ricottilli v. Summersville Mem'l Hosp.*, 425 S.E.2d 629, syl. pt. 2 (1992)).  But "cases will obviously be infrequent in which 'mental disturbance,' not so severe as to cause physical harm, will clearly be a serious wrong worthy of redress and sufficiently attested by the circumstances of the case."  *Id.* (quoting *Ricottilli*, 425 S.E.2d at 635).

The plaintiffs allege that "[t]he actions of the employer by using fear of loss of job and transfer or otherwise including illegal dissemination" of personal health information was intended

to harass and intimidate employees "into not filing legitimate claims for compensation for work related injuries." (Compl. ¶¶ IX, XII.) The plaintiffs state that these actions "creat[ed] increased fear of injury to all plaintiffs and result[ed] in the negligent . . . infliction of emotional and mental distress among other injury." (Compl. ¶ XII.) Admittedly this is not a typical factual scenario for a negligent infliction of emotional distress claim. *Cf. Jones v. Sanger*, 512 S.E.2d 590, 594 (W. Va. 1998) (involving plaintiff who witnessed a closely related person die due to the defendant's negligence); *Marlin*, 482 S.E.2d 620 (involving plaintiffs who had suffered exposure which increased the likelihood of contracting a serious disease).

But West Virginia courts have awarded negligent infliction of emotional distress damages for retaliatory discharge, a claim that is somewhat similar to the plaintiffs'. *See, e.g., Rodriguez v. Consol. Coal Co.*, 524 S.E.2d 672 (W. Va. 1999); *Page v. Columbia Nat. Res., Inc.*, 480 S.E.2d 817, 835 (W. Va. 1996). West Virginia has chosen to award emotional distress damages for retaliatory discharge claims, although these claims may not meet the standards of an intentional infliction of emotional distress claim, because the tort nevertheless "carries with it a sufficient indicia of intent": "The essence of the cause of action is the wrongful and deliberate discharge of the employee who chooses to exercise some substantial public policy right." *Harless v. First Nat'l Bank in Fairmont*, 289 S.E.2d 692, 702 (W. Va. 1982). Analogously, the plaintiffs in this case pleaded that the defendants have wrongfully and deliberately mistreated them, to prevent them from exercising a substantial public policy right. From the facts pleaded, "there was ample evidence from which [a factfinder] could . . . infer [emotional and mental] suffering. *Mace v. Charleston Area Med. Cent. Found., Inc.*, 422 S.E.2d 624, 633 (W. Va. 1992) (internal citation omitted).

I cannot find that the plaintiffs' claim for negligent infliction of emotional distress is precluded by West Virginia law. Thus, this claim survives the defendants' motion to dismiss. The defendants' motions are **DENIED** with respect to the plaintiffs' negligent infliction of emotional distress claim.

## IV.    Conclusion

For the reasons explained above, the defendants' motions to dismiss [Dockets 3 and 7] are **GRANTED** with respect to the plaintiffs' HIPAA and OSHA claims, invasion of privacy claim, workers' compensation discrimination claim, WVHRA discrimination claim and harassment claim, and intentional infliction of emotional distress claim, and **DENIED** with respect to the plaintiffs' negligent infliction of emotional distress claim. Alcan's motion to compel plaintiffs to comply with the grievance and arbitration process [Docket 3] is **GRANTED** with respect to the plaintiffs' claim for breach of the collective bargaining agreement. While the plaintiffs' negligent infliction of emotional distress claim survives, their failure to respond to the defendants' motions or otherwise pursue this litigation has been noted by this court and will be monitored.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        November 3, 2009

Joseph R. Goodwin, Chief Judge

-12-